IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                    PETITIONER

VERSUS                              CIVIL ACTION NO. 5:08cv339-DCB-MTP

BRUCE PEARSON                                                  RESPONDENT

### MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the F.C.I.-Yazoo, Yazoo City, Mississippi, filed on December 24, 2008, this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

The petitioner states that he was convicted in the United States District Court of Pennsylvania, Western District. He was sentenced on March 10, 2006. His appeal to the United States Court of Appeals for the Third Circuit was still pending at the time he filed the instant habeas petition.[1]

His ground for habeas relief is as follows:

> Ground one: The delay in the appeal violated due process.

The petitioner argues that his appeal has been pending almost three years and this delay in rendering a decision concerning his appeal has violated his right to due process.

---

[1] According to the U.S. PACER Service, the United States Court of Appeals for the Third Circuit entered a judgment dated November 28, 2008, and filed in the United States District Court for the Western District of Pennsylvania on December 22, 2008, affirming the petitioner's 2006 conviction.

Therefore, petitioner is requesting as relief in the instant petition for habeas relief that he be released from custody, that a firm deadline be set to decide the appeal, an evidentiary hearing be held, and all other relief the court deems right and just.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

In the instant case, this court finds that it has jurisdiction to consider the instant § 2241 habeas petition since the petitioner is incarcerated in a facility located in this district. However, petitioner's claims are not pursuable in a § 2241 petition because they relate to the appeal of his conviction and sentence, not the execution of this sentence by the Bureau of Prisons. Therefore, the petitioner cannot maintain the instant § 2241 petition for habeas relief.

Additionally, this court finds that liberally construing the allegations of the instant petition that petitioner is requesting a writ of mandamus be issued by this district court directing the United States Court of Appeals for the Third Circuit to schedule a "firm date" to render a decision concerning the petitioner's appeal. A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the petitioner. 28 U.S.C. § 1361. For a petitioner to be successful in his request for a writ of mandamus, he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In Re Stone, 118 F.3d 1032, 1034 (5th Cir.1997)(citing United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985)(citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976).

Having considered the allegations of the instant petition and taking judicial notice that the Third Circuit has rendered a decision in the petitioner's appeal (Banks v. U.S., No. 06-1934 (3rd Cir. Nov. 28, 2008), this court finds that the petitioner does not meet the requirements for this court to issue a writ of mandamus. Consequently, the court fails to find the drastic remedy of mandamus necessary to petitioner's circumstance.

CONCLUSION

As explained above, this court finds that the petitioner fails to assert a claim under 28 U.S.C. § 2241 for habeas relief and furthermore, he fails to meet the requirement that mandamus, 28 U.S.C. § 1361, is appropriate under the circumstances of the instant civil action.  Thus, petitioner's requests for habeas relief and a writ of mandamus are DENIED and this case is hereby DISMISSED with prejudice.

All pending motions are terminated with the issuance of this Memorandum Opinion.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED, this the 20th day of January, 2009.


                                                   s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE