IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:08cv339-DCB-MTP

BRUCE PEARSON                                                                  RESPONDENT

ORDER

This matter is before the Court on the Petitioner's motion [4] requesting relief pursuant to Rule 59(e) and Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE.[1] Having reviewed the motion [4] as well as the record, this Court finds, as discussed below, that the instant motion filed pursuant to Rule 59(e) and Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE is not well taken and will be denied.

Since the Memorandum Opinion [2] and Final Judgment [3] were entered on January 22, 2009, and the instant motion [4] pursuant to Rule 59(e) was filed on January 28, 2009, this Court has determined that the Petitioner's Rule 59(e) motion was filed timely. In the instant motion [4], Petitioner argues that this Court "committed a clear error of law and fact" when it determined that the petitioner could not maintain this § 2241 habeas petition and dismissed same. The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors: (1) the reasons for Petitioners' default; (2) the importance of the evidence to Petitioners' case; (3) whether the evidence was available to Petitioners before they responded to the underlying motion; and (4) the likelihood that

---

[1] When a "motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004).

Defendants will suffer unfair prejudice if the case is reopened. See Sturges v. Moore, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

After consideration of the above listed factors, case law presented by the Petitioner and relevant case law, the Court finds that Petitioner's motion for reconsideration should be denied. Petitioner has failed to offer any evidence or arguments that were not initially available to him at the time his complaint was filed. Petitioner's motion merely expresses disagreement with the ruling of the Court. The Court has thoroughly reviewed the instant motion as well as the Petitioner's complaint and has determined that the correct legal finding was issued in this cause. Moreover, Petitioner has failed to meet the requisite legal standard for the Court to grant a motion pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.

As for the Petitioner's request for relief pursuant to Rule 60(b), this Court finds that a party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b). Petitioner does not assert any of the grounds required by Rule 60(b). The

Court finds that the Petitioner has failed to provide justification for altering the previous ruling of the Court. Therefore, the Petitioner's motion to reconsider pursuant to Rule 60(b) is denied. Accordingly, it is,

ORDERED AND ADJUDGED that Petitioner's motion [4] for relief pursuant to Rule 59(e) and 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE is **denied**.

SO ORDERED AND ADJUDGED this the    10th    day of    February   , 2009.

                                          s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE